PHILIP J. GAVIO, PROSECUTOR, v. THE BOROUGH OF LAVALLETTE, IN THE COUNTY OF OCEAN, ET AL., DEFENDANTS.

Argued April 4, 1932—Decided April 13, 1932.

For the prosecutor, *Walter Carson.*

For the respondents, *Leon E. Reussille, Jr.*

BODINE, J.   On April 15th, 1931, a writ of *certiorari* was allowed to review the action of Carl B. Wynkoop, mayor of the borough of Lavallette, at a meeting of the borough council held on January 6th, 1931, in announcing and declaring that a vacancy existed in the office of Philip J. Gavio as a borough councilman and in designating and appointing Walter B. Law temporarily to fill said vacancy, and of the action of Walter B. Law in purporting to qualify and serve, as a borough councilman in the place and stead of Philip J. Gavio, and of the action of Gordon Homer, as borough clerk of the said borough, in recording said actions and matters in the minutes of the borough council.

A second writ was allowed January 26th, 1932, to review the validity of a resolution of the borough council of the borough of Lavallette alleged to have been adopted at a meeting held October 25th, 1931, wherein the office of Philip J. Gavio, as a councilman, was alleged to be vacant; and of the action of the mayor in appointing Elmer E. Pettit on November 30th, 1931, to fill the unexpired term of Gavio as councilman; and of the action of the borough council in confirming such appointment at a meeting held on November 13th, 1931.

The two actions were consolidated and came on for hearing before a single justice pursuant to the statute and on an agreed state of facts.   The parties agreed that they desired the judgment of the court upon the substantive questions and points involved.   Question of pleading, practice and similar matters were expressly waived.   So the court will not consider the form of remedy.

It appears that Philip J. Gavio was duly elected a borough councilman for a term of three years at the November, 1929, election.   He duly qualified and entered on the performance of his duties.   Carl B. Wynkoop was elected to the mayor's office in November, 1930, and entered upon his duties Jan-

uary 1st, 1931, for a term of two years. At the borough organization meeting held January 1st, 1931, certain borough offices were filled and certain offices were not filled, the nominees failing of election by the vote of Councilmen Gavio and Jacobson. Councilman Austin was absent. Lavallette appears to have six councilmen. At the adjourned meeting held January 6th, 1931, Councilman Gavio was absent and the mayor's nominees failed of election by the vote of Councilmen Austin and Jacobson. Thereupon the mayor appointed Walter B. Law councilman, because of the vacancy existing by reason of the temporary absence of Mr. Gavio. After the oath was administered, Mr. Law entered upon the discharge of the duties of councilman and at an election subsequently held the mayor's nominees were elected to various offices.

Gavio attended several meetings of the council between January 6th, 1931, and May 22d, 1931, and acted as councilman. Strangely enough only when Gavio was absent did Law act.

On August 17th, 1931, the mayor wrote to Gavio as follows: "Out of seventeen meetings so far in 1931 you have been absent eleven times. In view of the fact that you have not been present for the last four regular meetings I am beginning to wonder if you have decided to discontinue, altogether, the duties for which you were elected. It is very important that all members of council attend the meetings, in order to properly conduct the business of the borough. I would, therefore, ask that you kindly advise me, at your earliest convenience, as to your future intentions in this matter."

Gavio replied as follows: "It is beyond my province at the present time to answer your query relative to my intentions. It is for the court to determine my legal status as councilman of the borough. Until such time as that becomes obtainable."

At the October 30th, 1931, meeting no quorum was present. The mayor then appointed Charles Nagle to fill Councilman Jacobson's place. Nagel was then sworn in and a meeting was held at which a resolution was adopted declaring a va-

cancy in Gavio's office, because of his failure to attend meetings. At a subsequent meeting, the mayor appointed Elmer E. Pettit to fill the unexpired term of Gavio, and the council later confirmed the appointment, Jacobson, who also had had an *alter ego,* not voting.

The office of borough councilman is an elective office representative of the duly qualified voters of the borough. Like any other representative of the people he receives his office by their votes cast according to law. Can he be deprived of his office by reason of temporary absence? I think not, unless representative government does not exist or a statute expressly provides for the designation of alternates in the office of borough councilmen to be chosen by the mayor whenever temporary absences exist. I have been referred to no such enactment. The statutes do contain provision for the temporary filling of offices and positions held by administrative officers but such statutes cannot be construed so as to provide a means to deprive the people of a given locality of the right to be represented in a borough council, a legislative assembly, by the representatives of their choice; nor to vest an administrative officer like a mayor with the power to select councilmen to his own liking merely because the duly chosen representative of the people, because of illness or otherwise, is temporarily absent.

Paragraph 19, article XXXVII, of the Home Rule act (*Pamph. L.,* 1917, *ch.* 152, *p.* 460, as amended by *Pamph. L.* 1920, *ch.* 319 (at *p.* 573), provides as follows: "Wherever duties are imposed by law upon any officer or employe of a municipality, and no person is now by law authorized to perform such duties when such officer or employe is temporarily absent, disabled or disqualified, it shall be lawful for the officer or board having the authority to fill any vacancy in any such office to designate some person to act in lieu and place of any such officer or employe during his temporary absence, disability or disqualifications; in case the officer or employe so temporarily absent, disabled or disqualified is one who was elected by the voters of the municipality, in municipalities governed by a board of commissioners, the person to

act in his place and stead shall be designated by the board of commissioners, and in all other municipalities by the mayor or other chief executive officer of the municipality. The acts of any person so designated shall in all cases be legal and binding as if done and performed by the officer or employe for whom such designated person is acting."

The general purpose of the above act is evident. It does not authorize either the creation or filling of vacancies; nor does it authorize appointments to office. It covers only the special situation in which an "officer or employe" of a municipality is "temporarily absent, disabled or disqualified" under such circumstances the proper authority may "designate some person to act in lieu and place of any such officer or employe during his temporary absence, disability or disqualification." The absent or disabled officer or employe continues to hold his office or position, but the designated person acts for him; and the acts of the person so designated are, in the words of the statute, "legal and binding as if done and performed by the officer or employe for whom such designated person is acting."

A councilman performs a legislative function; he represents the people. His duty is to vote upon the various motions, resolution and ordinances presented to the governing body as he, in the exercise of his best judgment, thinks fit. Such an obligation cannot be performed by another.

Further, since the term "officer" in the act is joined with the term "employe," it is apparent that the only officers contemplated are those whose duties are analagous to the duties of employes, that is, duties of an administrative nature, that can be performed by a substitute. Even though the phrase applies to an "officer or employe" elected by "the voters of a municipality" the meaning includes no more than administrative officers such as tax collectors, assessors and road supervisors, and the like.

Section 42 of the General Borough act, as amended (1 *Comp. Stat., p.* 230), provides that whenever the office of borough councilman shall become vacant "by reason of death, disability, resignation, or any other cause," the mayor shall

have the power to fill such vacancy by appointment, with the advice and consent of a majority of the remaining members of the council. But the statute does not support the action taken in this case. The act, by its terms, operates only when a vacancy exists. It does not authorize the mayor to create a vacancy by declaring one. There being no vacancy in the prosecutor's office on January 6th, 1931, the mayor had no power of appointment under the provisions of the Borough act. Nor did the members of the council give their "advice and consent" to Mr. Law's designation. They did, however, confirm the appointment of Mr. Pettit.

This statute does not permit the council to declare a vacancy. The words "by reason of death, disability, resignation, or any other cause" must be construed together and mean death, disability, resignation, or other similar cause. They cannot include mere absence; otherwise, the chosen representatives of the people could be deprived of office without any cause other than their mere inability to be present. It is unthinkable that a representative in Congress could be deprived of his office by reason of his mere absence, or that the people of a given location could be deprived of their right to be represented by an officer of their choice by his mere absence. It is equally unthinkable that the legislature intended to deprive the borough councilmen of their privilege on such ground or to so divest the people of the borough of representative government.

The actions under review will be set aside.